## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE: DANIELLE ELEISE PENNINGTON

DANIELLE ELEISE PENNINGTON,

*Appellant*,

v.

FIRST HAND LAND, LLC,

*Appellee.*

Civil Action No. 25-00676 (AHA)

### <u>Memorandum Opinion</u>

Danielle Eleise Pennington appeals a bankruptcy court order that denied confirmation of her individual bankruptcy plan under Chapter 13 of the Bankruptcy Code. Pennington argues the bankruptcy court violated her constitutional rights, misapplied the law, and failed to adjudicate her objections to creditor claims. She also challenges the bankruptcy court's decision to lift the automatic stay associated with the bankruptcy proceeding, which permitted First Hand Land, LLC to move forward with an action to evict her. This court dismisses Pennington's appeal of the order lifting the automatic stay for lack of jurisdiction and affirms the bankruptcy court's order denying confirmation of Pennington's plan.

### I.    Background[1]

Pennington filed for individual bankruptcy under Chapter 13 in July 2024. Bankr. ECF No. 1. That filing triggered an automatic stay on eviction proceedings against her in the Superior Court.

---

[1]    Citations to the bankruptcy court docket, *In re Danielle Eleise Pennington*, No. 24-00250, which is included in the record on appeal, are indicated by "Bankr. ECF No." with the relevant docket entry number.

*See* Bankr. ECF No. 10. First Hand Land, which asserts ownership of the property where Penington lives, asked the bankruptcy court for relief from that stay, so it could evict Pennington. *Id*. The bankruptcy court granted that relief to First Hand Land, and Pennington appealed. Bankr. ECF No. 25 (order granting First Hand Land relief); Bankr. ECF No. 36 (notice of appeal). A court in this district dismissed her appeal. Order, *In Re Danielle Eleise Pennington*, No. 24-cv-02422 (D.D.C. Mar. 20, 2025), ECF No. 10. Pennington then appealed to the D.C. Circuit, which also dismissed her appeal. *In re Pennington*, No. 25-7042, 2025 WL 3493630, at *1 (D.C. Cir. Dec. 4, 2025).

In September 2024, Pennington submitted a plan for management of her debts under bankruptcy, as required by Chapter 13. Bankr. ECF No. 60. The bankruptcy court held a hearing a few months later on whether to confirm the plan, which Pennington attended. Bankr. ECF No. 93. The court denied confirmation, finding that Pennington failed to make sufficient payments to the U.S. trustee pursuant to the plan, as required by Chapter 13. *See id.* at 02:48–02:53, 10:50–11:53; Bankr. ECF No. 94; 11 U.S.C. §§ 1325(a)(6), 1326(a)(1). The bankruptcy court gave Pennington leave to amend her plan, and she submitted another plan in January 2025. Bankr. ECF No. 94 (order denying confirmation with leave to amend); Bankr. ECF No. 100 (Pennington's amended plan). The bankruptcy court held another hearing on whether to confirm the amended plan, which Pennington attended. Bankr. ECF No. 105. The U.S. trustee indicated that Pennington had not made any additional payments, and the court again denied confirmation of the plan, this time without leave to amend. *Id.* at 03:20–03:40, 08:10–08:20; Bankr. ECF No. 107 (order denying confirmation without leave to amend). The court informed Pennington that upon an order denying confirmation of the plan, she would have fourteen days to convert her case to a Chapter 7 proceeding liquidating her assets, or her case would be dismissed. Bankr. ECF No. 105 at 07:40–

08:10. Pennington did not take action within fourteen days, and her case was dismissed. Bankr. ECF No. 113. She now appeals.

## II.    Discussion

Federal district courts have jurisdiction to hear appeals from a bankruptcy judge's "final judgments, orders, and decrees." 28 U.S.C. § 158(a). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). Here, Pennington appeals after the bankruptcy court denied confirmation of her Chapter 13 plan without leave to amend, which is a final order. *See Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015) (recognizing in the context of Chapter 13 that an appeal is proper "[w]hen confirmation is denied and the case is dismissed as a result").

Sitting as an appellate court, this court "reviews legal questions and conclusions *de novo* and reviews findings of fact under a clearly erroneous standard." *In re Hardy*, 589 B.R. 217, 220 (D.D.C. 2018). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (cleaned up). "For equitable and discretionary decisions of the Bankruptcy Court, the standard of review is abuse of discretion." *Emiabata v. Vetter*, No. 23-cv-02008, 2024 WL 3471248, at *1 (D.D.C. July 18, 2024) (cleaned up). "The burden of proof is on the party that seeks to reverse the bankruptcy court's holding." *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 537 (D.D.C. 2008).

Pennington first challenges the bankruptcy court's order granting First Hand Land relief from the automatic stay triggered by bankruptcy proceedings. *See* 11 U.S.C. § 362. But this court does not have jurisdiction to review that order. To be sure, as a general matter, appellate courts

reviewing a final, appealable order "have authority to review the interlocutory orders that preceded it based on the principle that such orders merge into the final decision." *LeFande v. District of Columbia*, 841 F.3d 485, 491 (D.C. Cir. 2016). But a bankruptcy court order granting relief from a stay is not an interlocutory order; it is a "final, appealable order." *Ritzen*, 589 U.S. at 38. Indeed, as discussed above, Pennington appealed the order granting relief from stay to this court and then to the D.C. Circuit, which dismissed the appeal. *In re Pennington*, No. 25-7042, 2025 WL 3493630, at *1 (D.C. Cir. Dec. 4, 2025). This court lacks jurisdiction to consider a second appeal of that order, many months after the deadline to file a notice of appeal. *See* Fed. R. Bankr. P. 8002(a)(1) (providing that to appeal a final order "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered"); *see also United States v. Trabelsi*, No. 23-3034, 2023 WL 3243104, at *1 (D.C. Cir. Apr. 28, 2023) ("When there are multiple appeals taken in the course of a single piece of litigation . . . decisions rendered on the first appeal should not be revisited on later trips to the appellate court.").[2]

Pennington second argues that the bankruptcy court's order denying confirmation of her plan violated her due process and equal protection rights. According to Pennington, the bankruptcy court denied her the opportunity to be heard and treated her unequally because it never conducted a confirmation hearing and did not make a "judicial determination that [her] plan was unfeasible, filed in bad faith, or otherwise deficient." ECF No. 8 at 8–9. But the record shows that the bankruptcy court held two confirmation hearings, both of which were attended by Pennington, where the court found that she was not making sufficient payments pursuant to the plan, as required by Chapter 13. *See* Bankr. ECF No. 93; Bankr. ECF No. 105; *see also* 11 U.S.C. §§ 1325(a)(6),

---

[2]    The court also notes that Pennington's current notice of appeal did not identify the bankruptcy court's order granting relief from the stay as one of the orders being appealed. *See* ECF No. 1 at 1 (appealing only the final order denying confirmation of Pennington's Chapter 13 plan).

1326(a)(1) (stating, as a requirement for confirmation of a Chapter 13 plan, that "the debtor will be able to make all payments under the plan and to comply with the plan" and "shall commence making payments not later than 30 days after the date of the filing of the plan"). At the first hearing, Pennington was informed that her failure to make sufficient payments prevented confirmation of her plan, and she was given leave to amend the plan. Bankr. ECF No. 93 at 02:48–02:53, 10:50–11:53. At the second hearing over two months later, the U.S. trustee indicated that Pennington had made no additional payments and her plan was denied without leave to amend. Bankr. ECF No. 105 at 03:20–03:40, 08:10–08:20. Pennington fails to identify any violation of due process or equal protection in the bankruptcy court's process or decision.

Pennington third argues that the bankruptcy court improperly applied the legal standards of Chapter 13, but this argument is without support. According to Pennington, 11 U.S.C. § 1325(a)(3) "requires a plan to be proposed in good faith" and "the Bankruptcy Court appears to have dismissed [her] case because of the contested title dispute [with First Hand Land], an issue wholly separate from good faith in proposing a repayment plan." ECF No. 8 at 9. But the record shows no indication that Pennington's title dispute with First Hand Land affected the bankruptcy court's decision to deny confirmation of her plan. As discussed above, Pennington's plan was denied for failure to make sufficient payments. Chapter 13 specifically requires that the debtor begin making payments "not later than 30 days after the date of the filing of the plan," and confirmation requires that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1326(a)(1); 11 U.S.C. § 1325(a)(6). Pennington thus fails to demonstrate misapplication of Chapter 13.[3]

---

[3]    Pennington also does not appear to have raised any of her statutory or constitutional arguments in the bankruptcy proceeding below, and she cannot raise them here in the first instance. *See, e.g.*,

Pennington fourth argues that the bankruptcy court failed to adjudicate her objections to First Hand Land's creditor claims, but this also contradicts the record. In Pennington's bankruptcy proceeding, First Hand Land never asserted any creditor claims against Pennington. *See* Bankr. ECF No. 74. Pennington nonetheless filed a purported objection to First Hand Land's claims against her. Bankr. ECF No. 72. The bankruptcy court held a hearing on Pennington's objection, where she clarified that her objection was related to her appeal of the order granting First Hand Land relief from the stay. Bankr. ECF No. 82 at 1. The court concluded that it lacked jurisdiction over that issue since it was on appeal and denied Pennington's objection as moot. *Id.* at 1–2. The bankruptcy court thus properly addressed Pennington's purported objection against First Hand Land, and Pennington identifies no error in its decision.[4]

## III.    Conclusion

For these reasons, the court affirms the bankruptcy court's order denying confirmation of Pennington's bankruptcy plan and dismisses Pennington's appeal of the order granting First Hand Land relief from the stay.

A separate order accompanies this memorandum opinion.

---

*In re Shkor*, No. 23-cv-03648, 2025 WL 3467650, at *7 n.4 (D.D.C. Dec. 3, 2025) ("Because [the appellee] did not raise this argument before the bankruptcy court, it did not preserve the argument for appeal.").

[4]    Pennington points to two other objections that she filed against creditor claims: one against the D.C. Office of Tax & Revenue and the other against the Internal Revenue Service. Bankr. ECF No. 95; Bankr. ECF No. 96. The day after she filed, Pennington received notice that both objections failed to provide the required notice to the creditor and would be stricken if not cured in fourteen days. Bankr. ECF No. 98 at 1. At a later hearing, the bankruptcy court informed Pennington that the creditors still had not received proper notice. Bankr. ECF No. 105 at 01:50-02:25, 05:43–05:51. Pennington identifies no error in these procedures.

_____

AMIR H. ALI
United States District Judge

Date:   January 21, 2026